UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AMIN LAKHANI,
    Plaintiff,
vs.

LONDON ASSOCIATES, LTD. and
SHUCK N DIVE, INC.,
    Defendants.

## COMPLAINT

Plaintiff, AMIN LAKHANI (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, LONDON ASSOCIATES, LTD. and SHUCK N DIVE, INC. (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located on or about 650 N. Federal Hwy., Ft. Lauderdale, FL 33304 (hereinafter "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## PARTIES

**4.** Plaintiff, AMIN LAKHANI, is over the age of 18, is *sui juris*, is a resident of the State of Florida, and is a qualified individual under the ADA and the FACBC who has been

intentionally denied access to the Subject Premises as set forth more fully herein, and who will continue to be intentionally denied such access without the injunctive relief requested herein.

5.      Mr. Lakhani is limited in one or more major life activities and requires a wheelchair to ambulate. Mr. Lakhani has been diagnosed with Type 1B Hereditary Motor & Sensory Neuropathy, which is also known as Charcot-Marie-Tooth Disorder.

6.      Despite the physical limitations to which he is subjected as a result of his disability, Mr. Lakhani strives to lead a full life, frequently travels, dines out, and is also an actively social, independent, and highly educated, individual.  Mr. Lakhani traveled internationally throughout his life both before and after requiring a wheelchair to ambulate at the age of 15.  Since the age of 15, he has traveled frequently through the United States, and also to Singapore, France, and Mexico.

7.      Mr. Lakhani also attended a highly selective dual degree program at the University of Pennsylvania, an Ivy League Institution, where he received degrees in Economics and Computer Science.  Mr. Lakhani is very social, highly involved in his community, offers dating-coaching through his website and social media, and is highly involved in social activism.

8.      Defendant, LONDON ASSOCIATES, LTD., is a limited partnership which is authorized to and does transact business in the State of Florida and within this judicial district.

9.      Pursuant to the Broward County Property Appraiser's Office, Defendant, LONDON ASSOCIATES, LTD., is the owner of the real property located on or about 650 N. Federal Hwy., Ft. Lauderdale, FL 33304 ("Subject Premises").

10.     Defendant, SHUCK N DIVE, INC., is a corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

**11.** According to the Florida Department of Business and Professional Regulation, the Defendant, SHUCK N DIVE, INC., received its restaurant license in February 2004 and occupies the Subject Premises as a restaurant known as "Shuck N Dive".

## FACTUAL ALLEGATIONS AND CLAIM

**12.** Over three (3) decades have passed since Title III of the ADA became effective.

**13.** Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

**14.** Because, *inter alia,* this Subject Premises was designed, constructed, and received its State Licensure on February 24, 2004, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

**15.** The Defendants' Subject Premises is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

**16.** Mr. Lakhani resides within close proximity to the Subject Premises – about 30.6 miles from the Subject Premises.

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

17. Mr. Lakhani, who travels through the Ft. Lauderdale area several times per month, avers with all certainty that he will frequently return to the Subject Premises once the architectural barriers to access and discriminatory policies and procedures violating the ADA and the FACBC are no longer present.

18. Mr. Lakhani looks forward to revisiting Subject Premises to partake in the full and equal enjoyment of the food and services offered to the general public by at the Subject Premises. However, Plaintiff is deterred from returning so long as the discriminatory barriers and policies described herein continue to exist at the Subject Premises as he does not wish to further expose himself to the undue difficulty, frustration, and social embarrassment resulting from encountering the barriers to access due to Defendants willful non-compliance with the ADA and ADAAG.

19. Mr. Lakhani's visit to the Subject Premises forms the basis of this lawsuit and Mr. Lakhani plans to return to avail him of the goods and services offered to the public at the Subject Premises as he enjoys the restaurants, bars, and shops in the area, as well as specifically enjoying the Cajun style seafood and atmosphere at Shuck N Dive. During his visits, Mr. Lakhani will of course also determine whether the property has been remedied to be ADA compliant and is being maintained in compliance with the ADA so that himself and other with disabilities are not subjected to the discrimination, difficulty, frustration, and social embarrassment of encountering violations and barriers to access.

20. However, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered at the Subject Premises because of his disability and will continue to be denied such access as a result of the barriers to access which exist at the Subject Premises including, but not limited to, those set forth in the Complaint.

21. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights.

22. In this instance, Plaintiff, in his individual capacity, has visited the Subject Premises, encountered barriers to access at the Subject Premises, was compelled to engage those barriers, was subjected to undue difficulty and frustration when encountering those barriers as well as the resulting social embarrassment, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access including the ADA regulatory violations set forth herein below, unless and until those barriers to access are remediated.

23. In this instance, Mr. Lakhani visited the Subject Premises and encountered barriers to access at the Subject Premises, and engaged barriers, was subjected to the difficulty, frustration, and embarrassment of encountering and engaging those unlawful barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendants' ADA violations set forth herein.

24. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

25. Mr. Lakhani has attempted to and has, to the extent possible, accessed the Subject Premises, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions, and ADA violations that exist at the Subject Premises that restrict and/or limit his access to the Subject Premises and/or the goods, services, facilities, privileges,

advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

26. Mr. Lakhani intends to visit the Subject Premises again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the Subject Premises, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Premises that restrict and/or limit his access to the Subject Premises and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

27. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Premises, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Subject Premises, including those specifically set forth herein, and make the Subject Premises accessible to and usable by persons with disabilities, including Plaintiff.

28. Mr. Lakhani has attempted to gain access to the Subject Premises, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the Subject Premises, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions, and ADA violations set forth above, and expects to be discriminated against in the future, unless and until

Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

29. Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited the Premises, encountered barriers to access at the Premises, engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

30. Plaintiff, in his capacity as a tester, will absolutely return to the Premises when Defendants modify the Subject Premises or modifies the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA

## COUNT I
## ADA VIOLATIONS

31. Plaintiff adopts and re-alleges the allegation set forth herein above in paragraphs 1 through 30, as through fully set forth herein below.

**32.** Defendants have discriminated against Mr. Lakhani by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Subject Premises and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Premises include:

### Bar Counter - Interior

**i.)** There is no lower portion of the counter provided contrary to 2010 ADA Code §904.4.1;

### Take Out Counter - Interior

**ii.)** There is no lower portion of the counter provided contrary to 2010 ADA Code §904.4.1;

### Seating Area - Interior

**iii.)** Table does not provide the required knee clearance. Table base encroaches over the required clear floor space contrary to 2010 ADA Code §902.2;

**iv.)** Seating area does not provide the required number of accessible tables accessible table provided contrary to 2010 ADA Code §226.1;

### Seating Area - Exterior

**v.)** Table does not provide the required knee clearance. Table base encroaches over the required clear floor space contrary to 2010 ADA Code § §902.2;

**vi.)** Seating area does not provide the required number of accessible tables accessible table provided contrary to 2010 ADA Code §226.1;

### Men's Accessible Restroom - General Area

**vii.)** Permanent room identifying signage does not have Braille or raised characters and is mounted on the door leaf contrary to 2010 ADA Code §703.4.1;

**viii.)** Door has a non-compliant door opening force contrary to 2010 ADA Code §NUMBER;

    **ix.)**    Lavatory has unwrapped bottom sink pipes. Failing to maintain the pipes cover against contact contrary to 2010 ADA Code §606.5;

    **x.)**    Lavatory is mounted at 35.5" above the finished floor to top of rim contrary to 2010 ADA Code §606.3;

    **xi.)**    Lavatory mirror is mounted at 54.25" above the finished floor to bottom edge of its reflecting surface contrary to 2010 ADA Code §603.3;

    **xii.)**    Soap dispenser is mounted beyond required reach allowed for approach provided and is mounted at 51" above the finished floor contrary to 2010 ADA Code §308.2.1;

    **xiii.)**    Urinal partition encroaches passage width reducing it to 28.75" contrary to 2010 ADA Code §403.5.1;

**Men's Accessible Restroom - Accessible Stall**

    **xiv.)**    Toilet compartment (stall) door does not provide self closing hinges contrary to 2010 ADA Code §604.8.1.2;

    **xv.)**    Non-compliant locking door hardware, requiring grasping and turning of the wrist to operate contrary to 2010 ADA Code §404.2.7;

    **xvi.)**    Toilet tissue dispenser is mounted at on a self standing pole contrary to 2010 ADA Code §604.7;

    **xvii.)**    Trash bin encroaches over the water closet clearance contrary to 2010 ADA Code §604.3.2ec;

    **xviii.)**    Water closet flush control is toward the wall side contrary to 2010 ADA Code §604.6;

    **xix.)**    Lavatory has unwrapped bottom sink pipes. Failing to maintain the pipes cover against contact contrary to 2010 ADA Code §606.5;

    **xx.)**    Soap dispenser is mounted beyond required reach allowed for approach provided and is mounted at 51" above the finished floor contrary to 2010 ADA Code §308.2.1;

    **xxi.)**    Lavatory mirror is mounted at 40.25" above the finished floor to bottom edge of its reflecting surface contrary to 2010 ADA Code §603.3;

**33.**    The above listing is not to be considered all-inclusive of the barriers, conditions, and/or violations which exist at the Subject Premises. Naturally, because the Plaintiff

encountered and observed the initial barriers to access, above, he was denied full access to all areas of the Subject Premises.

34. It is in the best interest of all persons with disabilities that a full inspection be completed to ensure that the Subject Premises is in full compliance with the ADA and ADAAG for all disabled patrons. Further, a full inspection of the entire property would be beneficial to all Parties to this action because it would protect Plaintiff from the likelihood further discrimination, difficulty, frustration, and social embarrassment of encountering additional barriers to access once he has equal, full, and unrestricted access to all public areas of the Subject Premises—and Defendants would benefit from an inspection of the entire Subject Premises, as they will be able to efficiently identify all barriers to access and finally bring the Subject Premises into compliance with the ADA, which was enacted over three (3) decades ago, preventing further discrimination based on disability towards any future patrons.

35. The removal of the physical barriers, dangerous conditions, and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

36. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Subject Premises, including those set forth herein.

## **RELIEF SOUGHT**

37. Plaintiff requests an injunctive order requiring Defendants to remediate the Subject Premises to bring the Subject Premises into full compliance with the ADA and ADAAG.

38. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

39. Plaintiff requests an inspection of the Subject Premises in order to determine all of the discriminatory acts violating the ADA, including specifically those barriers to access concealed when Plaintiff encountered and observed the initial barriers to access detailed above, including specifically the barriers to access which were concealed due to the initial barriers to access (above) which Plaintiff encountered and/or observed.

40. An inspection identifying *all* barriers to access would be beneficial to all parties as the Defendants will be able to ensure that the entire Subject Premises is brought into compliance with the ADA and ADAAG so that they are not subject to further legal action if unidentified barriers to access are later encountered by Plaintiff or other disabled individuals.

41. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(561) 573-2106
GGoldstein@G2Legal.net